07 CV 6813

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF THE STATE OF NEW YORK

---

TYRONE LONG and TONI LONG,
                    Plaintiff,

-against-

ADVIE PYLE INC. and RUBEN D. CORTEZ,
                    Defendant.

CIVIL ACTION NO:

RECEIVED JUL 27 2007 U.S.D.C. S.D. N.Y. CASHIERS

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

Defendants, A Duie Pyle, Inc. (improperly named as Advie Pyle, Inc.) and Ruben Cortez, by and through their attorneys, Rawle & Henderson LLP, respectfully aver as follows:

1. On or about June 22, 2007, Plaintiffs commenced a civil action in the Supreme Court of New York, Bronx County against defendants, A Duie Pyle, Inc. (improperly named as Advie Pyle, Inc.) and Ruben Cortez. See Plaintiff's Summons & Complaint attached hereto as Exhibit "A."

2. According to the Complaint, this lawsuit arises out of a motor vehicle accident which allegedly occurred on October 27, 2006 in Bronx, New York. See Exhibit "A."

3. The Summons and Complaint, being the original process in this case, was first received by defendant, A Duie Pyle, Inc., no earlier than July 5, 2007.

4. The Summons and Complaint, being the original process in this case, was first received by defendant, Ruben Cortez, no earlier than July 5, 2007.

5. Therefore, this Notice of Removal was filed within the time period set forth in 28 U.S.C. §1446(b).

2118254-1

6. At all times material hereto, defendant, A. Duie Pyle was and is a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business located in West Chester, Pennsylvania.

7 At all times material hereto, defendant, Ruben Cortez, was and is a citizen and resident of the State of New Jersey.

8. At all times material hereto, Plaintiff, Tyrone Long, was and is a citizen of the State of New York. Exhibit "A."

9. At all times material hereto, Plaintiff, Toni Long, was and is a citizen of the State of New York. Exhibit "A."

10. Diversity of citizenship within the meaning of 28 U.S.C. § 1332, exists between Plaintiffs and Defendants because:

    (a) Plaintiffs are citizens and residents of the State of New York; and

    (b) Defendants are not citizens or residents of the State of New York.

11. Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that defendants are entitled to removal pursuant to 28 U.S.C § 1441 and 28 U.S.C. § 1446.

12. In the Complaint, Plaintiffs demand damages for serious personal injury, property damage and loss of consortium. Exhibit "A."

13. Based upon a fair reading of the Complaint, Plaintiffs have set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interests and costs, is at stake.

WHEREFORE, Defendants, A. Duie Pyle, Inc. (improperly named as Advie Pyle, Inc.) and Ruben Cortez pray that the above-captioned action now pending in the Supreme Court of New York for Bronx County, be removed to This Honorable Court.

> RAWLE & HENDERSON LLP
>
> By: _____
> Jon Michael Dumont
> Jason B. Schaeffer
> Attorneys for Defendants
> 140 Broadway, 46th Floor
> PMB 46034
> New York, New York 10005
> (212) 858-7570
> File No.: 801,798

Dated: July 27, 2007

2118254-1

**EXHIBIT "A"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

INDEX 16669/2007

TYRONE LONG and TONI LONG,

Plaintiff designates
DATE FILED 6/22/2007
COUNTY OF BRONX
As the place of trial
The basis of the venue is

Plaintiff

PLAINTIFF's residence

Against

SUMMONS

ADVIE PYLE INC. And RUBEN D. CORTEZ,

Plaintiff's reside at

1506 WALTON AVE, APT 6G
BRONX, NY 10452

County of BRONX

Defendant

To the above named Defendant

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or , if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's Attorney(s) within 20 days after the service of this summons, excluded of the day of service  (or within 30 days after the service is complete if this summons is not personally delivered to you  within the state of New York); and in case of your failure to appear or answer a judgement will be taken against you by default for the relief demanded in the complaint.

Dated June 20, 2007

HARMON & LINDER ESQS .,
Attorney(s) for plaintiff
Post Office Address
42 Broadway, Ste 1227
New York, NY  10004

Defendant's address:

ADVIE PYLE INC.
PO. BOX 564
WESTELLESTER, PA 19380

RUBEN D. CORTEZ
25 WEAVE AVE
BLOOFIELD, NJ 07003-4921

JJ

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------x
TYRONE LONG and TONI LONG,

INDEX # 16669/2007
DATE FILED 6/22/2007

VERIFIED COMPLAINT

                  Plaintiff,

-against-

ADVIE PYLE INC. and RUBEN D. CORTEZ,

                  Defendant,
----------------------------------------x

Plaintiff, complaining of the defendant herein by his attorneys, HARMON, LINDER & ROGOWSKY, respectfully sets forth and alleges, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF TYRONE LONG

1. That at the time of the commencement of this action plaintiff was a resident of the County of BRONX, City and State of New York.

2. Upon information and belief, that at all times herein mentioned, defendant, ADVIE PYLE INC., was the owner of a motor vehicle bearing registration number AE00528, PA.

3. Upon information and belief, that at all times herein mentioned defendant, RUBEN D. CORTEZ, was the operator of an automobile bearing registration number AE00528, PA.

4. Upon information and belief, that at all times herein mentioned defendant, RUBEN D. CORTEZ was in physical charge, operation, management and control of the aforesaid vehicle owned by the defendant, A DVIE PYLE INC., with the knowledge, consent, and permission, either or implied of the defendant owner thereof.

5. That at all times herein mentioned, plaintiff, TYRONE LONG, was the owner and operator of a motor vehicle, bearing registration number DAG2766, State of New York.

6. That on the 27th day of October, 2006, at approximately 8:20 a.m. the aforesaid vehicles came into contact with each other on Hunts Point Avenue, at or near its intersection with Garrison Avenue, a public street and thoroughfare, in the County of BRONX, City and State of New York.

7. That defendant so carelessly and negligently operated his aforesaid respective motor vehicle so as to cause the aforesaid contact.

8. That as a result of the foregoing, this plaintiff was caused to and did sustain severe and serious personal injuries and was required to seek and obtain medical care and attention in an effort to cure and/or alleviate the same and upon information and belief, will be so compelled to do in future.

9. That the aforesaid occurrence and injuries sustained by this plaintiff were caused wholly and solely by the negligence of the

defendants and not by any act or omission on the part of this plaintiff contributing thereto.

10. That this plaintiff has sustained a serious injury as the same is defined in Subdivision (d) of Section 5102 of the Insurance Law of the State of New York.

11. That this action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

12. That as a result of the foregoing, this plaintiff has been damaged.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF TONI LONG

13. This plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs of this complaint numbered "1" through "10," inclusive with the same force and effect as though the same were more fully set forth at length herein.

14. That at all times herein mentioned, this plaintiff has been deprived of the comfort, society and companionship of the plaintiff, TONI LONG, and upon information and belief, will be so deprived in the future.

15. That at all times herein mentioned, plaintiff has been caused to incur medical expenses on behalf of plaintiff, TYRONE LONG and upon information and belief will be so compelled to do in the future.

16. That as a result of the foregoing plaintiff, TONI LONG has been damaged.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF TYRONE LONG

17. This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs of this complaint numbered "1" through "14", inclusive, with the same force and effect as though the same were more fully set forth at length herein.

18. That defendant so carelessly and negligently operated their aforesaid respective motor vehicle so as to cause the aforesaid contact.

19. That as a result of the foregoing, this plaintiff's aforesaid vehicle was caused to and did sustain property damage and this plaintiff was required to seek and obtain mechanical attention in an effort to repair the damages.

20. That the aforesaid occurrence and property damage sustained by this plaintiff's vehicle was caused wholly and solely by the negli-

gence of the defendants and not by any act or omission on the part of this plaintiff contributing there to.

21. That as a result of the foregoing, this plaintiff has been damaged.

WHEREFORE, plaintiff, **TYRONE LONG**, demands judgement against the defendant in the First Cause of Action; plaintiff, **TONI LONG**, demands judgement against the defendant in the Second Cause of Action, and plaintiff, **TYRONE LONG**, demands judgement against the defendant in the Third Cause of Action, all together with the costs and disbursements of this action.

Dated: New York, NY
       April 25, 2007

HARMON & LINDER
Attorneys for Plaintiffs
42 Broadway, Suite 1227
New York, New York 10004
(212) 732-3665

MJL/mj

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
                  )ss:
COUNTY OF NEW YORK )

    I, the undersigned , am an attorney admitted to practice in the Courts of New York State, and say that:

    I am the attorney of record or of counsel with the attorney(s) of record for plaintiff.

    I have read the annexed SUMMONS AND VERIFIED COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief. As to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge is based upon the following:

    Interviews and/or discussions with the plaintiff(s) and papers and/or documents in the file.

    The reasons I make this affirmation instead of the plaintiff is because said plaintiff resides outside of the county from where your deponent maintains his office for the practice of law.

Dated: New York, New York
    June 20, 2007

                                               _____
                                               Mark J. Linder Esq.,

Index No.                            Year
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------
TYRONE LONG and TONI LONG,

                                               Plaintiff,

                - against -

ADVIE PYLE INC. And RUBEN D. CORTEZ,

                                               Defendant.
------------------------------------------------------------
VERIFIED SUMMONS AND COMPLAINT
------------------------------------------------------------
                    HARMON & LINDER, ESQS.
      Attorney for        PLAINTIFF
                    42 BROADWAY, SUITE 1227
                    NEW YORK, NY 10004
            (212) 732-3665   fax(212) 732-1462
------------------------------------------------------------
To:
Attorney(s) for
------------------------------------------------------------
Service of a copy of the within                          is
hereby admitted.

Dated:

.............................................
                    Attorney(s) for
------------------------------------------------------------
PLEASE TAKE NOTICE
          that the within is a (certified) true copy of a
NOTICE OF   entered in the office of the clerk of the within named Court on   --19
ENTRY

          that an Order of which the within is a true copy will be presented
NOTICE OF   for settlement to the Hon.           one of the judges of the
SETTLEMENT    within named Court,       on       19  , at        M.

Dated:
                    HARMON & LINDER, ESQS.
                    Attorney for Plaintiff(s)
                    42 BROADWAY SUITE 1227
                    NEW YORK, NY 10004
             (212) 732-3665   FAX(212) 732-1462

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal and Disclosure pursuant to Local Rule 1.9 were served upon the below listed counsel this 26th day of July, 2007 by first-class mail, postage prepaid.

Mark J. Linder, Esquire
Harmon & Linder
42 Broadway, Suite 1227
New York, NY 10004
Attorney for Plaintiff

RAWLE & HENDERSON LLP

_____
Jon Michael Dumont

2118254-1