IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF THE STATE OF NEW YORK

------------------------------------------------------------x
TYRONE LONG and TONI LONG,              :
                    Plaintiff,        :  CIVIL ACTION NO: 07-CV-6813
    -against-                              :  (SAS)(FM)
                                      :
ADVIE PYLE INC. and RUBEN D. CORTEZ,    :  **JURY TRIAL DEMANDED**
                    Defendant.       :
------------------------------------------------------------x

## ANSWER AND COUNTERCLAIM

Defendants, A. Duie Pyle, Inc. (improperly named as Advie Pyle, Inc.), and Ruben Cortez, by and through their attorneys, Rawle & Henderson LLP, answer plaintiffs' Complaint as follows:

### FIRST CAUSE OF ACTION

1. Denied. Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 1 of plaintiffs' Complaint, and therefore, said averments are denied.

2. Admitted in part; denied in part. Answering defendants admit only that on October 27, 2006, defendant, A. Duie Pyle, Inc. (improperly identified in plaintiffs' Verified Complaint as Advie Pyle, Inc.), owned a motor vehicle bearing Pennsylvania registration number AE000528.

3. Admitted in part; denied in part. Answering defendants admit only that on October 27, 2006, defendant, Ruben Cortez drove a vehicle bearing Pennsylvania registration number AE000528. The remaining averments contained in paragraph 3 of plaintiffs' Verified Complaint are denied. By way of further answer, the remaining averments in paragraph 3 of plaintiffs' Verified Complaint contain conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

4.Admitted in part; denied in part. Answering defendants admit only that on October 27, 2006, defendant, Ruben Cortez drove the aforesaid vehicle with the knowledge and consent of the owner. The remaining averments contained in paragraph 4 of plaintiffs' Verified Complaint are denied. By way of further answer, the remaining averments in paragraph 4 of plaintiffs' Verified Complaint are conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

5.Denied. Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 5 of plaintiffs' Verified Complaint, and therefore, said averments are denied.

6.Admitted in part; denied in part. Answering defendants admit only that on October 37, 2006, plaintiffs' vehicle came into contact with defendants' vehicle on Hunts Point Avenue, at or near its intersection with Garrison Avenue, in the County of the Bronx, City and State of New York. Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in paragraph 6 of plaintiffs' Verified Complaint, and therefore, said averments are denied. By way of further answer, paragraph 6 of plaintiffs' Verified Complaint contains conclusions of law to which no responsive pleading is required and, therefore, said averments are denied.

7.Denied. Answering defendants deny any carelessness or negligence and demand strict proof thereof at trial. The remaining averments in paragraph 7 of the Verified Complaint are denied. By way of further answer, paragraph 7 of plaintiffs' Verified Complaint contains conclusions of law to which no responsive pleading is required and, therefore, said averments are denied.

8.Denied. Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 8 of plaintiffs'

Verified Complaint, and therefore, said averments are denied. By way of further answer, paragraph 8 of plaintiffs' Verified Complaint contains conclusions of law to which no responsive pleading is required and, therefore, said averments are denied.

9. Denied. Answering defendants deny any negligence and demand strict proof thereof at trial. Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in paragraph 9 of plaintiffs' Verified Complaint, and therefore, said averments are denied. By way of further answer, paragraph 9 of plaintiffs' Verified Complaint contains conclusions of law to which no responsive pleading is required and, therefore, said averments are denied.

10. Denied. Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 10 of plaintiffs' Verified Complaint, and therefore, said averments are denied. By way of further answer, paragraph 10 of plaintiffs' Verified Complaint is a conclusion of law to which no responsive pleading is required and, therefore, said averments are denied.

11. Denied. By way of further answer, paragraph 11 of plaintiffs' Verified Complaint is a conclusion of law to which no responsive pleading is required and, therefore, said averments are denied.

12. Denied. Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 12 of plaintiffs' Verified Complaint, and therefore, said averments are denied. By way of further answer, paragraph 12 of plaintiffs' Verified Complaint contains conclusions of law to which no responsive pleading is required and, therefore, said averments are denied.

WHEREFORE, answering defendants demand judgment in their favor and against the plaintiffs dismissing the First Cause of Action in plaintiffs' Complaint, together with an award

of costs and disbursements incurred by answering defendants, including attorneys' fees together with such other relief in favor of answering defendants as this Honorable Court shall deem appropriate under the circumstances.

SECOND CAUSE OF ACTION

13.     Answering defendants incorporate by reference their answers to paragraphs 1 through 12 of plaintiffs' Verified Complaint as through the same were set forth at length herein.

14.     Denied. Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 14 of plaintiffs' Verified Complaint, and therefore, said averments are denied. By way of further answer, paragraph 14 of plaintiffs' Verified Complaint contains conclusions of law to which no responsive pleading is required and, therefore, said averments are denied.

15.     Denied. Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 15 of plaintiffs' Verified Complaint, and therefore, said averments are denied. By way of further answer, paragraph 15 of plaintiffs' Verified Complaint contains conclusions of law to which no responsive pleading is required and, therefore, said averments are denied.

16.     Denied. Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 16 of plaintiffs' Verified Complaint, and therefore, said averments are denied. By way of further answer, paragraph 16 of plaintiffs' Verified Complaint contains conclusions of law to which no responsive pleading is required and, therefore, said averments are denied.

WHEREFORE, answering defendants demand judgment in their favor and against the plaintiffs dismissing the Second Cause of Action in plaintiffs' Complaint, together with an award of costs and disbursements incurred by answering defendants, including attorneys' fees

together with such other relief in favor of answering defendants as this Honorable Court shall deem appropriate under the circumstances.

## THIRD CAUSE OF ACTION

17. Answering defendants incorporate by reference their answers to paragraphs 1 through 16 of plaintiffs' Verified Complaint as through the same were set forth at length herein.

18. Denied. Answering defendants deny any carelessness or negligence and demand strict proof thereof at trial. By way of further answer, paragraph 18 of plaintiffs' Verified Complaint contains conclusions of law to which no responsive pleading is required and, therefore, said averments are denied.

19. Denied. Answering defendants deny any carelessness or negligence and demand strict proof thereof at trial. Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in paragraph 19 of plaintiffs' Verified Complaint, and therefore, said averments are denied. By way of further answer, paragraph 19 of plaintiffs' Verified Complaint contains conclusions of law to which no responsive pleading is required and, therefore, said averments are denied.

20. Denied. Answering defendants deny any negligence and demand strict proof thereof at trial. Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in paragraph 20 of plaintiffs' Verified Complaint, and therefore, said averments are denied. By way of further answer, paragraph 20 of plaintiffs' Verified Complaint contains conclusions of law to which no responsive pleading is required and, therefore, said averments are denied.

21. Denied. Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 21 of plaintiffs' Verified Complaint, and therefore, said averments are denied. By way of further answer,

paragraph 21 of plaintiffs' Verified Complaint contains conclusions of law to which no responsive pleading is required and, therefore, said averments are denied.

WHEREFORE, answering defendants demand judgment in their favor and against the plaintiffs dismissing the Third Cause of Action in plaintiffs' Complaint, together with an award of costs and disbursements incurred by answering defendants, including attorneys' fees together with such other relief in favor of answering defendants as this Honorable Court shall deem appropriate under the circumstances.

### SEPARATE DEFENSES

#### AS AND FOR A FIRST DEFENSE

22.   Plaintiffs' Verified Complaint fails to state a cause of action against answering defendants for which relief can be granted.

#### AS AND FOR A SECOND DEFENSE

23.   Any damages claimed by the plaintiffs, said damages being specifically denied by answering defendants, were caused by the culpable conduct of the plaintiffs, including contributory negligence and assumption of the risk and not by any culpable conduct or negligence on the part of defendants.

#### AS AND FOR A THIRD DEFENSE

24.   Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the plaintiffs for medical care, dental care, custodial care, rehabilitation services, physical therapy treatment, other health care, loss of earnings or other economic loss, has been or will, with reasonable certainty, be replaced or indemnified in whole or in part from a

collateral source as defined in Section 4545 of the New York Civil Practice Law and Rules and, therefore, plaintiffs are not the real parties in interest with respect said expenses.

### AS AND FOR A FOURTH DEFENSE

25. Any damages that are deemed to be recoverable against defendants, said damages and recovery being specifically denied by answering defendants, must be diminished by the amount of the funds which plaintiffs have or shall receive from the aforesaid collateral source(s).

### AS AND FOR A FIFTH DEFENSE

26. To the extent that any payments have been made or may be made pursuant to Article 51 of the Insurance Law of the State of New York (Comprehensive Motor Vehicle Insurance Reparations Act) before the trial of this action, such payments will be considered in offset and in mitigation of damages.

### AS AND FOR A SIXTH DEFENSE

27. Plaintiffs have not sustained a "serious injury" as defined in Section 5102(d) of the Insurance Law of the State of New York.

### AS AND FOR A SEVENTH DEFENSE

28. Answering defendants shall assert all defenses available to them pursuant to Articles 51 and 52 of the Insurance Law of the State of New York.

### AS AND FOR AN EIGHTH DEFENSE

29. Plaintiffs have failed to mitigate any alleged damages, said damages being specifically denied by answering defendants.

### AS AND FOR A NINTH DEFENSE

30. All injuries complained of by plaintiffs pre-existed or were sustained after the alleged accident, said injuries and accident being specifically denied.

### AS AND FOR A TENTH DEFENSE

31. Plaintiffs are guilty of contributory negligence, and therefore, plaintiffs' Verified Complaint herein is barred or any recovery must be reduced by the percentage share of plaintiffs' negligence.

## AS AND FOR AN ELEVENTH DEFENSE

32. Any damages sustained by the plaintiffs were entirely or substantially caused by the negligence of plaintiffs, including contributory negligence, and/or the negligence of other parties or persons for whom answering defendants have no responsibility, and not by the culpable conduct or negligence of answering defendants.

## AS AND FOR A TWELFTH DEFENSE

33. Any alleged occurrence complained of by plaintiffs was the result of an Act of God, unavoidable accident or sudden emergency.

## AS AND FOR A THIRTEENTH DEFENSE

34. No conduct on the part of answering defendants contributed to plaintiffs' alleged injuries and/or damages.

## AS AND FOR A FOURTEENTH DEFENSE

35. Plaintiffs assumed the risk of injury, and therefore, their claims are barred or limited.

## AS AND FOR A FIFTEENTH DEFENSE

36. The plaintiffs did not use, or improperly used, any available seat belt, shoulder harness and/or approved and appropriate child safety seat, and plaintiffs' injuries, which are denied, were caused, contributed to and/or exacerbated by the lack of use, or improper use, of the seat belt and/or shoulder harness, and plaintiffs' alleged injuries could have been obviated or mitigated by the use of any available seat belt and/or shoulder harness and/or child safety seat,

and that plaintiffs' failure to use, or improper use, of any seat belt and/or shoulder harness and/or child safety seat was in contravention of the New York Vehicle and Traffic Law and constitutes failure to mitigate damages in accordance with *Spier v. Barker*, 35 N.Y.2d 444 (1974).

### AS AND FOR A SIXTEENTH DEFENSE

37. The plaintiffs' failure to use, or the improper use, of any available seat belt and/or shoulder harness and/or child safety seat was an unreasonable action and in disregard of their own best interests, and accordingly, caused or contributed to the happening of the accident, in accordance with *Curry v. Moser*, 89 A.D.2d 1, 454 N.Y.S.2d 311 (2d Dept. 1982).

### AS AND FOR A SEVENTEENTH DEFENSE

38. Plaintiffs' claims are barred or limited based upon collateral estoppel and/or *res judicata*.

### AS AND FOR A EIGHTEENTH DEFENSE

39. Venue is improper and/or inconvenient.

### AS AND FOR A NINETEENTH DEFENSE

40. Service of process was improper and/or insufficient.

### AS AND FOR A TWENTIETH DEFENSE

41. This Honorable Court lacks personal jurisdiction over answering defendants.

WHEREFORE, defendants, A. Duie Pyle, Inc. (improperly named as Advie Pyle, Inc.), and Ruben Cortez, demand judgment in their favor and against the plaintiffs dismissing plaintiffs' Complaint with prejudice, together with an award of costs and disbursements incurred by answering defendants, including attorneys' fees together with such other relief in favor of answering defendants as this Honorable Court shall deem appropriate under the circumstances.

### COUNTERCLAIM AGAINST PLAINTIFF, TYRONE LONG

42. Answering defendants incorporate by reference the allegations of plaintiffs' Verified Complaint, without admitting the truth thereof, and their answers and separate defenses thereto, as though the same were set forth at length herein.

43. If it is judicially determined that plaintiffs are entitled to recover on the causes of action declared in plaintiffs' Complaint upon any theory, any and all liability on the part of answering defendants being specifically denied as more fully set forth in their Answer to plaintiffs' Complaint, then plaintiff, Tyrone Long, is solely liable to his co-plaintiff, or jointly and severally liable with answering defendants, or liable over to answering defendants, by way of contribution, and/or indemnity, and answering defendants aver in support thereof that plaintiff, Tyrone Long, was negligent, careless or reckless in the ownership, operation, inspection, management, maintenance, control and supervision of his motor vehicle in that he:

a. failed to have his motor vehicle under proper and reasonable control;

b. operated his motor vehicle in such a matter as to cause it to collide into and against defendants' motor vehicle;

c. failed to steer in time to avoid the collision;

d. negligently applied, inspected, and maintained his vehicle;

e. failed to exercise the proper degree of care with respect to the rights and safety of defendants and other motor vehicle operators;

f. failed to operate his motor vehicle in a safe and proper manner;

g. failed to comply with the laws, rules and regulations of the New York Motor Vehicle Code pertaining to the operation of motor vehicles in and about such public highways;

h. failed to yield the right of way to traffic already upon the highway;

i. failed to keep and maintain a proper lookout for other vehicles on the highway;

j. failed to properly signal or warn other motor vehicle operators;

k.  failed to comply with applicable traffic control signs or signals;

l.  failed to keep his vehicle within the lanes of traffic in his direction of travel; and

l.  was otherwise negligent, careless or reckless as a matter of law.

44.  As a direct and proximate result of the negligence, carelessness and recklessness of plaintiff, Tyrone Long, as aforesaid, defendants were caused to sustain property damage to their vehicle in the amount of $2,320.67.

WHEREFORE, defendants, A. Duie Pyle, Inc. and Ruben Cortez, demand judgment in their favor and against plaintiff, Tyrone Long, for property damage in the amount of $2,320.67, and demand judgment in their favor and against plaintiff, Tyrone Long, for any sum that may be awarded to his co-plaintiff, or that answering defendants be granted indemnity or contribution from plaintiff, Tyrone Long, for all or part of the sums due his co-plaintiff, including interest, counsel fees, and costs and such other and further relief as may be appropriate.

Dated: New York, New York
      September 17, 2007

                Yours, etc.

                RAWLE & HENDERSON LLP

                By: _____
                Jon Michael Dumont
                Jason B. Schaeffer
                Attorneys for Defendants,
                A. Duie Pyle, Inc., and
                Ruben Cortez
                140 Broadway, Suite 4636
                New York, New York 10005
                (212) 858-7570
                File No.: 801798

## AFFIRMATION OF SERVICE

The undersigned, an attorney admitted to practice in the State of New York and the U.S. District Court for the Eastern District of New York, hereby affirms that the foregoing Answer to Plaintiffs' Complaint and Counterclaim was served on the below-listed counsel and parties via first-class mail, postage pre-paid, this 17th day of September, 2007.

Harmon, Linder & Rogowsky, Esqs.
42 Broadway, Suite 1227
New York, New York 10004

RAWLE & HENDERSON LLP

*/s/ James R. Callan*
James R. Callan