# RAWLE & HENDERSON



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/08

JASON E. SCHAEFFER
212-858-7570
JSCHAEFFER@RAWLE.COM

The Nation's Oldest Law Office · Established in 1783

www.rawle.com

SUITE 4636
140 BROADWAY, 46TH FLOOR
NEW YORK, NY 10005

TELEPHONE: (212) 858-7570
FACSIMILE: (212) 858-7750

January 4, 2008

VIA FACSIMILE and REGULAR MAIL

Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street
Room 1620
New York, New York 10007

RECEIVED
CHAMBERS OF
JAN - 4 2008
JUDGE SCHEINDLIN

    Re:    Tyrone Long et. al. v. A. Duie Pyle, Inc., and Ruben Cortez
           Civil Action No.: 2007-cv-6813
           Our File: 801798

Dear Judge Scheindlin:

    We write to address a confusing and troubling voicemail left by Plaintiffs' counsel in which he advised us, that in response to our January 3, 2008 letter seeking a discovery conference with Your Honor, he contacted your chambers to discuss "remanding" this case to state court. Plaintiffs' counsel further advised us that Your Honor wishes to conference this matter on January 15, 2008 and that "we should be prepared to address the issue of remand." While we have not yet received notification from Chambers, we write to avoid any further waste of judicial resources and confirm the law of the case.

    As you are aware, the issue of remand was already addressed by Your Honor. Instead of following the Rules of Civil Procedure, Plaintiffs submitted a letter requesting remand nearly eighty-four (84) days after this case was properly removed to this Court. Moreover, Defendants were given an opportunity to "brief" this matter in response to Plaintiffs' request. On October 29, 2007, after reviewing the merits of Plaintiffs' request, Your Honor entered an Order denying Plaintiffs' request for remand (the "Order")(enclosed for your quick reference is a copy of the Order).

    The Order denying remand is the law of the case and we have accordingly continued defending this action and conducted discovery in preparation for trial. Now that Defendants have sought court relief for Plaintiffs' discovery abuses, Plaintiffs seek to avoid their obligations

Jan 3 Letter

# RAWLE & HENDERSON LLP

January 4, 2008
Page 2

by taking yet another bite at the proverbial "apple" by requesting that Your Honor remand this matter.

Aside from the procedural and legal deficiencies of Plaintiffs' request, we respectfully object to readdressing this issue that has been briefed and considered by this Court on two (2) prior occasions (the first upon the filing for removal to this Court, and the second by Plaintiffs untimely request for remand). Plaintiffs should not be permitted to circumvent their discovery obligations by seeking, yet again, to "recast" the nature of their claim. It is offensive to consider that, instead of addressing outstanding discovery obligations, Plaintiffs seek to be rewarded by remand of this action to State Court where the discovery process will begin again and Defendants will be required to expend considerable resources defending this claim.

We respectfully and regrettably sought judicial intervention to address discovery abuses and to move this case into a posture for final resolution – we did not expect to be required to re-address the issue of remand. Addressing Plaintiffs' discovery abuses will save judicial resources and secure the just, speedy, and inexpensive determination of this action as called for under Rule 1 of the Federal Rules of Civil Procedure.

We will await your guidance.

Respectfully submitted,

RAWLE & HENDERSON LLP

By: *[signature]*
Jason B. Schaeffer

JBS/pc

cc: Mark J. Linder, Esquire

2238213-1

---

*Handwritten endorsement:*

Discovery disputes between the parties will be discussed at the conference scheduled for Jan. 15, 2008. To the extent my clerk indicated that remand will also be discussed, that instruction was in error as that issue was decided by Order (via letter endorsement) dated Oct. 29, 2007.

Date: 1/7/08

SO ORDERED:
*[signature]*
Shira A. Scheindlin, USDJ



**HARMON, LINDER & ROGOWSKY**
*Attorneys-at-Law*
42 Broadway, Suite 1227
New York, New York 10004

Tel.: (212) 732-3665
Fax: (212) 732-1462

October 19, 2007

Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

    RE:    **Tyrone Long v. Advie Pyle Inc.;**
            Case No.: 2007-CV-6813

Dear Honorable Scheindlin:

    As the attorneys for the plaintiffs in the above-referenced action, I am writing to inform the Court that the plaintiffs are demanding a judgment against the defendants in the sum of seventy-five thousand dollars and 00/100 ($75,000), all together with costs and disbursements of this action. An affirmation by the undersigned to this effect is enclosed herein.

    Since the basis for jurisdiction in this case is diversity, and since the judgment that the plaintiffs' are seeking does not exceed seventy-five thousand dollars, there is not any jurisdictional basis for this case to remain in federal court. Further, the issue of subject matter jurisdiction can be raised at any time. Accordingly, we respectfully request that this case be transferred to the Supreme Court of New York, Bronx County.

    Thank you for your attention to this matter.

                                Very truly yours,

                                Mark J. Linder, Esq.

Enclosure

cc:

**With Enclosure**
RAWLE & HENDERSON LLP
Attorneys for Defendants
140 Broadway, 46th Floor
New York, NY 10005
(215) 575-4319

*Plaintiff's request to remand this action to state court is denied. The Court's subject matter jurisdiction over the action is assessed at the time of removal. Because the Court had subject matter jurisdiction at the time of removal, and because plaintiff's request is untimely, this action will not be remanded.*

*SO ORDERED:*

Date: Oct. 29, 2007

Shira A. Scheindlin, USDJ